# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| USIC LOCATING SERVICES, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.<br>) |
| FLORIDA POWER & LIGHT COMPANY, | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff USIC Locating Services, LLC ("USIC"), for its Complaint against Defendant Florida Power & Light Company ("FPL"), states and alleges as follows.

### PARTIES, JURISDICTION, AND VENUE

1. USIC is a limited liability company organized under the laws of Delaware. Its sole member is USIC, LLC, a limited liability company organized under the laws of Delaware. USIC, LLC's sole member is USIC Holdings, Inc., a Delaware corporation with its principal place of business in Indianapolis, Indiana. USIC is a citizen of Delaware and Indiana for purposes of diversity jurisdiction.

2. FPL is a Florida corporation with its principal place of business in Juno Beach, Florida. FPL is a citizen of Florida for purposes of diversity jurisdiction.

3. Effective January 1, 2017, USIC and FPL entered into a contract labeled Purchase Order No. 2400001323 ("Agreement"), in which USIC agreed, among other things, to provide underground utility locating services to FPL for the period January 1, 2017, until December 31, 2021. A true and correct copy of the Agreement is attached as Exhibit 1.

4. The Agreement is governed by Florida law.

1

5. The Agreement purports to incorporate and include FPL's "Cable Locations Specifications" (Revised 1/30/17) and "Purchaser Standard Terms and Conditions for Services." *See* Ex. 1.

6. Section 34.0 of the Purchaser Standard Terms and Conditions for Services in the Agreement provides, "Any disputes resulting in litigation between the parties shall be conducted in the state or federal courts of the State of Florida." That section designates both the Circuit Court for Palm Beach County, Florida, and the United States District Court for the Southern District of Florida as appropriate venues for such litigation, among others, and states that the parties waive "any objection to the laying of venue based on the grounds of forum non conveniens and any objection based on the grounds of lack of in personam jurisdiction."

7. Based on FPL's enforceable consent to jurisdiction contained within the Agreement, as well as its systematic and continuous contacts with the State of Florida, this Court has personal jurisdiction over FPL.

8. Subject-matter jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332 because USIC and FPL are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this Court based on the parties' forum-selection clause and the fact that FPL resides in this judicial district.

**FACTUAL ALLEGATIONS**

10. FPL owns and operates a network of underground electrical power lines throughout various parts of the State of Florida.

11. USIC has performed underground utility locating services for FPL under the Agreement from January 2017 to the present.

12.     In connection with that work, USIC responds to locate requests (or "tickets") submitted by excavators to Sunshine811 (the statewide utility notification center created under Chapter 556, Florida Statutes), seeking to have FPL's underground facilities marked in areas where excavation is planned.

13.     Pursuant to its contractual arrangement, USIC handled over seven hundred thousand locate requests per year just for FPL in Florida in the years 2018 and 2019.

14.     FPL and USIC understand that excavation poses risks of damage to underground utility facilities, and both parties work together to avoid such damage to the greatest extent possible.

15.     Damage to underground facilities can arise from any number of sources, which include but are not limited to errors in identifying and marking underground facilities, errors and omissions in FPL's prints and maps relating to its underground facilities, acts or omissions by an excavator or other third party, and failures of communication or coordination between the various individuals or entities involved in a planned excavation.

16.     The Agreement contains provisions that establish certain procedures when one of FPL's underground facilities is damaged.

17.     Among other provisions, the paragraph of the Agreement titled "Liquidated Damages," within the Cable Locations Specifications, provides:

> The contract locator shall be liable for any and all costs incurred from Sunshine811 due to past due locate requests as well as any other jurisdictional penalties. In addition, the contract locator is responsible to complete all valid locate requests in compliance with Florida Statute 556 and FPL Specifications. Failure to do so will result in nonpayment for each non-complying locate request. Contract locator will be allowed to delay, with proper excavator notification, equal to 15% of the total ticket volume sent to the contract locator without penalty which are due for any given month. If a non-complying locate request results in damage to FPL facilities, it will be investigated, and liability determined, by the FPL Company Claims Department. If the contract locator is found to be responsible for the damage, the

contract locator will be liable for all associated costs with those damages and any statutory fines imposed.

18. Recently, FPL has communicated to USIC that FPL interprets the Liquidated Damages provision of the Agreement to allow FPL to unilaterally determine not only the nature of liability related to a damaged FPL facility, but also the amount of damages for which USIC may be responsible.

19. According to FPL, this purported right under the Agreement includes the unilateral discretion to decide whether to repair a damaged facility or replace it altogether (at much higher cost).

20. Given the extremely high volume of locate requests handled by USIC for FPL each year and the risks related to excavation, USIC has been involved in a number of locate requests for excavation that ultimately resulted in an FPL facility being damaged, whether or not due to any fault of USIC.

21. Counsel for FPL has represented to USIC that FPL intends to file approximately 50 legal actions against USIC in Florida in the near future, all of which will rest on FPL's one-sided legal determination that it has the authority under the Agreement to determine not only USIC's liability but the amount of damages for which USIC will allegedly be responsible.

22. The present aggregate total amount of damages to be claimed by FPL in those legal actions is over one million dollars. At least one such claim, individually, exceeds $75,000. Damages are ongoing and will continue to accrue into the future.

23. USIC rejects FPL's interpretation of the Agreement relating to liability and damages. FPL's interpretation contradicts the plain language of the Agreement and the intention of the parties in executing the Agreement.

24. The Agreement is intended to help prevent damage to FPL's underground facilities; thus, excluding any intervening third-party acts or omissions, performance by USIC results in FPL's facilities maintaining their present condition, value, and state of repair at the time of performance.

25. FPL does not have an expectation interest or entitlement under the Agreement to brand-new or improved underground facilities relative to the condition at the time of performance. Damages in accordance with such a standard would result in an unreasonable windfall to FPL and create economic waste, by allowing FPL to expend—and seek to recover from USIC—costs involved in putting FPL in a better position than it would have been in absent any alleged breach.

26. FPL's interpretation also contravenes FPL's implied covenant of good faith and fair dealing, as it would allow FPL to recover more than the fair amount of damage proximately caused by any liability of USIC, and more than the amount to which FPL would otherwise be entitled under law.

27. USIC has attempted to confer with FPL to avoid the unnecessary legal expenses connected with FPL's threatened actions, but FPL has not changed its intended course of action.

28. Even the threat of such legal actions poses an undue economic burden on USIC and interferes with USIC's ability to properly forecast and plan its economic and business affairs.

## COUNT I – DECLARATORY JUDGMENT

29. USIC incorporates by reference all preceding and succeeding allegations as though fully set forth herein.

30. The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., authorizes this Court to enter a judgment declaring the rights and obligations of the parties under the Agreement and to grant further relief if necessary.

31. An actual and present dispute exists between USIC and FPL regarding their respective rights and obligations under the Agreement. FPL maintains that it has the unilateral right under the Agreement to determine not only the fact of liability against USIC but also the amount of damages. FPL further maintains that the Agreement entitles FPL to damages exceeding the expectation value of USIC's full performance under the Agreement, including the costs of replacement of damaged underground facilities where such replacement costs exceed the reasonable cost of repair or diminution in value of the damaged facility at issue, or would result in economic waste. USIC denies that the Agreement gives FPL such rights.

32. Because USIC's and FPL's future courses of action may be directly governed by the Court's interpretation of the Agreement, the parties are faced with uncertainty as to their rights and legal obligations. USIC has no complete and adequate remedy at law or otherwise except by this request for judgment. The parties need guidance from this Court in the form of a declaration of their rights, obligations, and duties to guide their future conduct.

33. The declaratory judgment sought in this Complaint will provide enormous efficiencies of time, expense, and judicial resources.

WHEREFORE, USIC respectfully prays for judgment in its favor declaring the following:

(1) Damages under the Agreement must be calculated in good faith in accordance with Florida law;

(2) Florida law, as applied to the Agreement, entitles FPL to "expectation" damages, that is, in the event of a breach of the Agreement, to be put in as good a position as it would have been had USIC fully performed under the Agreement;

(3) Florida law, as applied to the Agreement, does not entitle FPL to costs associated with improving the condition of its damaged facilities, relative to their condition at the time of performance; and

(4) Florida's doctrine of economic waste bars FPL from recovering the cost of replacement of its damaged facilities where such costs exceed the cost of reasonable repair or diminution in value of the facility at issue.

USIC further prays for an award of its costs and attorney's fees, and for such other relief as this Court deems just and proper.

Dated: June 10, 2020                                    Respectfully submitted,

**JONES FOSTER P.A.**

/s/:  *Steven J. Rothman*
Steven J. Rothman, B.C.S.
Florida Bar No. 501591
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
(561) 650-0404
(561) 650-5300 fax
srothman@jonesfoster.com

*Attorney for USIC Locating Services, LLC*